Wilde J.
afterwards drew up the opinion of the Court. This is a bill in equity to redeem the demanded premises from a mortgage given to Hutchins Hapgood, and by him assigned to Peter Harwood, one of the defendants, he having before purchased all the mortgager’s right and interest in a large portion of the lands mortgaged.
The plaintiff’s right to redeem is not questioned, hut the defendants deny their liability to contribute, and contend that the plaintiff is not entitled to redeem but upon payment of the whole debt due on the mortgage. That Peter Harwood is not *515 liable to contribution in the present suit, is fully settled by the case of Gibson v. Crehore, 5 Pick. 146. So that the only question is, whether Sarah Stratton, the other defendant, under the circumstances of the case, she having an estate for life in the demanded premises, is equitably bound to contribute towards relieving the estate from the incumbrance.
It is no doubt true generally, that a tenant for life, in pas session of an estate charged with a mortgage, is bound to keep down the interest, or to assist the reversioner in redeeming the mortgage ; but under all the circumstances of this case, we think that Sarah Stratton is not thus liable. She not having joined in the mortgage, would have been entitled to dower in the whole of the mortgaged premises, but for her subsequent release to Abner Harwood. In consideration of that release, the demanded premises were leased to her for life, as an equivalent for her right of dower in the whole of the mortgaged premises, and it has not been denied that it was a fair equivalent, and that the conveyance to her was made boná fide. This freehold estate was never intended to be subject to the mortgage. Abner Harwood was bound to pay the whole debt if he chose to redeem, and if he did not redeem, the mortgagee could not have defended against Sarah Stratton’s claim of dower. It is clear, therefore, that she is entitled to hold the demanded premises free from the mortgage, and that Peter Harwood, after purchasing in the mortgage, could not have compelled her to pay over the rents and profits of the demanded premises, without subjecting himself to her claim of dower in the whole land mortgaged, so that eventually he could not hold the rents and profits, and is not, accordingly, bound to account for them in the present action ; nor has the plaintiff any equitable claim on these rents and profits, for he purchased the demanded premises subsequently to the lease to Sarah Stratton, and at a reduced price, without doubt, in consequence of that lease.
Peter Harwood, the other defendant, is bound to account for the rents and profits of the farm from the time of his entry for the purpose of foreclosing the mortgage, and redemption will accordingly be decreed, on payment of the mortgage debt, after deducting the amount of such rents and profits. The plaintiff *516 will be entitled to hold over the whole of the estate mortgageu, excepting the part leased to Sarah Stratton during her life, until he shall be reimbursed the amount paid over his proportion of the mortgage debt, unless Peter Harwood will consent to i separate redemption of the demanded premises.